IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                )         CASE NO. BK06-41602
                                 )
LINDSAY RACHEL GRABER,           )              CH. 7
                                 )
                    Debtor.      )

## ORDER

This matter was presented to the Court upon the motion of Debtor (Fil. #12) to proceed *in forma pauperis* with an appeal of this Court's order (Fil. #5) denying her earlier application for waiver of the Chapter 7 filing fee (Fil. #2). For the reasons set forth below, Debtor's application (Fil. #12) is denied.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 created a limited *in forma pauperis* procedure in the bankruptcy courts. The relevant statute provides:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually * * *) applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1).

That same statute at subsection (f)(2) provides that the district court or the bankruptcy court may also waive "for such debtors" other fees. Thus, for debtors who have qualified for waiver of the filing fee, the court may also waive other fees.

On November 21, 2006, Debtor filed her application for waiver of the Chapter 7 filing fee (Fil. #2). On November 22, 2006, this Court denied Debtor's application stating that Debtor may be able to reduce deductions from her paycheck for retirement purposes and that Debtor has a valuable unencumbered vehicle. Debtor was given the opportunity to pay the fee in installments to be completed by March 22, 2007 (Fil. #5). After receiving an extension of time, on December 14, 2006, Debtor filed a Notice of Appeal (Fil. #10) of the denial of her application for waiver of the Chapter 7 filing fee. On that same date, Debtor filed an application to proceed *in forma pauperis* in connection with her appeal (Fil. #12). That application should be denied for several reasons:

First, Debtor does not qualify for waiver of "other fees" pursuant to 28 U.S.C. § 1930(f)(2) since her prior application for the waiver of the filing fees was denied. 28 U.S.C. § 1930(f)(2) applies only to debtors for whom the filing fee is waived under 28 U.S.C. § 1930(f)(1).

Second, even if this Court could consider Debtor's qualification for waiver of the appeal fees (despite the prior denial of the waiver of the filing fees), Debtor simply does not qualify for a waiver under 28 U.S.C. § 1930(f)(1).  Specifically, on August 11, 2005, the Judicial Conference of the United States promulgated interim procedures regarding the Chapter 7 fee waiver provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  Those procedures determined that the poverty guidelines last published by the United States Department of Health and Human Services ("HHS") are the guidelines to be considered.  Debtor's application (Fil. #2) states that there are three members of her household.  One hundred fifty percent of the HHS poverty guidelines for calendar year 2006 for a family of three is $24,900.00 per year, or $2,075.00 per month.  The Judicial Conference procedures further state that the income figure to be used for comparison to the poverty guidelines is the figure set forth on Line 16 of Schedule I of Debtor's schedules.  In this case, Line 16 of Schedule I shows that Debtor has an average monthly income of $2,078.00.  Accordingly, Debtor fails to meet the first part of the two-part qualification test set forth in the applicable statute.

Third, there are no other circumstances compelling a waiver under the broad language of 28 U.S.C. § 1930(f)(3), which provides:  "This subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors."  The Judicial Conference did not promulgate any policy or procedure regarding this provision.  However, Debtor's schedules reflect that Debtor has $151.92 deducted from her paycheck each month for "retirement."  Debtor's schedules do not indicate whether this is a mandatory or voluntary deduction.  If it is a voluntary deduction, Debtor could easily pay the filing fee by discontinuing the deduction for a couple of months.  Debtor also has a valuable unencumbered vehicle.  According to the Judicial Conference policy, the burden is upon Debtor to prove her entitlement to the filing fee waiver, and she has not done so.

IT IS ORDERED:  That Debtor's application to proceed *in forma pauperis* on appeal (Fil. #12) is denied.

DATED:  December 15, 2006.

BY THE COURT:

  /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
 *Lea Wroblewski
 U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.